IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DAVID GONZALES, | § | |
| Plaintiff, | § § § | |
| v. | § § | 6:17-CV-58-RP-JCM |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO. and CONNIE FRISBEE, | § § § § § | |
| Defendants. | § § | |

## ORDER

On June 30, 2017, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") filed a Motion to Sever and Abate. (Dkt. 16). Plaintiff timely filed his response. (Dkt. 17).

This case was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Judge Manske filed his Report and Recommendation on Defendant's motion on September 14, 2017. (Dkt. 21). Judge Manske recommended that Defendant's motion be denied. Defendant filed no objections.

For nondispositive pretrial matters referred to a magistrate judge, a district court may review the magistrate judge's findings and recommendations only to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous if the court "is left with the definite and firm conviction that a mistake has been committed." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015).

1

Although the Fifth Circuit has never decided whether a motion to sever and abate is a nondispositive matter for the purposes of 28 U.S.C. § 636(b) and Rule 72, this Court construes motions to sever as nondispositive under those provisions for the following reasons.

First, motions to sever are not listed among 28 U.S.C. § 636(b)(1)'s explicitly identified dispositive matters, suggesting that Congress did not intend for them to be treated as such. *See* 28 U.S.C. § 636(b)(1) (listing, *inter alia*, motions for summary judgment, class certification, and judgment on the pleadings).[1]

Second, a motion to sever is not "dispositive" in the ordinary use of the term. If granted, the motion to sever would not terminate Plaintiff's claims against Defendants. Nor would granting a motion to sever mean that an Article III court would never have the opportunity to conduct a *de novo* review of Plaintiff's claims. *See Davidson*, 819 F.3d at 764 (expressing concern with treating motions to remand as nondispositive because doing so would "create a situation in which an Article III judge might never exercise *de novo* review of a case during its entire federal lifespan"). A motion to sever is a procedural motion that determines *how* a plaintiff's case is tried in federal court, not *whether* it is tried in federal court.

Third, federal courts in other circuits that have considered the question have treated motions to sever in civil cases as nondispositive. *See, e.g.*, *McCormick v. Festiva Dev. Grp., LLC*, 269 F.R.D. 59, 60 (D. Me. 2010) ("Because a motion to sever is not dispositive of an action, a magistrate judge may hear and determine the motion, subject to reconsideration by a district judge upon a showing that the magistrate judge's order is clearly erroneous or contrary to law."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (noting without disapproval that the district court held that a

---

[1] Of course, it must also be observed that the Fifth Circuit has stated both that (1) the pretrial matters listed in § 636(b)(1) are not an exhaustive list of dispositive matters, and (2) a merits determination is not a necessary feature of a dispositive matter for the purposes of § 636(b)(1). *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016) (holding that a motion to remand is dispositive for the purposes of § 636(b)(1) because "a remand order is dispositive insofar as proceedings in the federal court are concerned").

"motion for severance of claims . . . is also properly viewed as a non-dispositive matter" for purposes of Rule 72); *Cruzan Terraces, Inc. v. Antilles Ins., Inc.*, 138 F.R.D. 64, 65 (D.V.I. 1991) (noting in the context of the Federal Magistrates Act that "[g]ranting severance of plaintiff's claims against [defendant] is not dispositive of any of the claims").

Fourth, federal courts in other circuits to consider the question have treated motions to sever in criminal cases as nondispositive for the purposes of Federal Rule of Criminal Procedure 59, the criminal-procedure counterpart to Federal Rule of Civil Procedure 72.[2] *See United States v. Cochran*, 682 F. App'x 828, 842 (11th Cir. 2017) (treating a motion to sever as a nondispositive motion under Federal Rule of Criminal Procedure 59); *United States v. Morris*, No. CRIM. 12-26(6) JRT, 2012 WL 6194402, at *5 (D. Minn. Dec. 12, 2012) ("A motion to sever is a nondispositive motion; *United States v. Ortiz*, No. 08-CR-231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011) ("Because [defendant's] motion to sever is a nondispositive pretrial motion, the court will only disturb the magistrate's order if it was clearly erroneous or otherwise contrary to law.") (citing 28 U.S.C. § 636(b)(1)(A)).

Finally, federal courts in other circuits consider motions for joinder to be nondispositive for purposes of the Federal Magistrates Act. *See Cincinnati Ins. Co. v. Hawkins*, No. CIV.A.07-535, 2007 WL 2310866, at *1 n.1 (W.D. Pa. Aug. 9, 2007) (stating that the court will "follow the trend of cases holding that the joinder of additional parties is a non-dispositive matter susceptible to resolution by a magistrate judge"); *Halsne v. Avera Health*, No. 12-CV-2409 SRN/JJG, 2013 WL 3088588, at *4 (D. Minn. June 18, 2013) ("[m]otions to amend pleadings and motions related to joinder are nondispositive motions"); *Ellsworth v. Corizon Health, Inc.*, No. CV-11-8070-PCT-RCB, 2012 WL

---

[2] The interpretation of matters as dispositive or nondispositive under Federal Rule of Criminal Procedure 59 is made more persuasive by the fact that Federal Rule of Criminal Procedure 59 was drafted after, and was based on, Federal Rule of Civil Procedure 72. *See* Federal Rule of Criminal Procedure 59 advisory committee's note ("Rule 59 is a new rule that creates a procedure for a district judge to review nondispositive and dispositive decisions by magistrate judges. The rule is derived in part from Federal Rule of Civil Procedure 72.").

1267995, at *1 (D. Ariz. Apr. 16, 2012) (holding that "plaintiff's joinder motion falls within the non-dispositive group of matters which a magistrate may determine") (quotation marks omitted). Because joinder is a procedural ruling with a similar but inverse effect to severance, it makes sense to treat the two in like fashion.

For all of the foregoing reasons, this Court construes Defendants' motion to sever as a nondispositive motion for purposes of the Federal Magistrates Act and Federal Rule of Civil Procedure 72. After careful consideration, the Court finds that the Magistrate Judge's findings and recommendations are neither clearly erroneous nor contrary to law. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, (Dkt. 21), as the opinion of the Court. Defendant's Motion to Sever and Abate, (Dkt. 16), is **DENIED**.

**SIGNED** on October 17, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE